UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SARA D. EVENHUS,                                                    Civil No. 10-6322-HA

        Plaintiff,                                                         OPINION AND ORDER

    v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.

HAGGERTY, District Judge:

    Plaintiff Sara D. Evenhus seeks judicial review of a final decision by the Commissioner of the Social Security Administration denying her applications for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI). This court has jurisdiction to review the Commissioner's decision under 42 U.S.C. § 405(g). For the following reasons, the Commissioner's decision is affirmed.

**STANDARDS**

To establish eligibility for benefits, a plaintiff has the burden of proving an inability to engage in any substantial gainful activity (SGA) "by reason of any medically determinable physical or mental impairment" that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step sequential evaluation process for determining if a person is eligible for DIB or SSI. 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof at steps one through four to establish his or her disability. At the fifth step, however, the burden shifts to the Commissioner to show that jobs exist in a significant number in the national economy that the claimant can perform given his or her residual functional capacity (RFC), age, education, and work experience. *Gomez v. Chater*, 74 F.3d 967, 970 (9th Cir. 1996). If the Commissioner cannot meet this burden, the claimant is considered disabled for purposes of awarding benefits. 20 C.F.R. §§ 404.1520(f)(1), 416.920(a). If the Commissioner meets this burden, the claimant is deemed not disabled for purposes of determining benefits eligibility. *Id.*

The Commissioner's decision must be affirmed if it is based on proper legal standards and if its findings are supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999); *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997) (citation omitted).

The court must weigh all of the evidence, whether it supports or detracts from the

OPINION AND ORDER- 2

Commissioner's decision. *Tackett*, 180 F.3d at 1098. The Commissioner, not the reviewing court, must resolve conflicts in the evidence, and the Commissioner's decision must be upheld in instances where the evidence supports either outcome. *Reddick v. Chater*, 157 F.3d 715, 720-21 (9th Cir. 1998). However, a decision must be set aside if the Commissioner did not apply the proper legal standards in weighing the evidence and making the decision. *Id.* at 720.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was twenty-five years old on her alleged disability onset date of February 7, 2006 and twenty-nine years old at the time of the Administrative Law Judge's (ALJ) decision. She was insured for the purposes of DIB through June 30, 2008. Plaintiff alleges disability due to mental and physical impairments including post-traumatic stress disorder (PTSD), bipolar disorder, anxiety, obesity, and polycystic ovarian syndrome. Her applications were denied initially and upon reconsideration.

An ALJ conducted a hearing on September 9, 2009. He heard testimony from plaintiff, who was represented by counsel, and a vocational expert (VE).

On September 25, 2009, the ALJ issued a decision finding that plaintiff was not disabled as defined in the Social Security Act. The ALJ found that plaintiff suffered from the following severe impairments: PTSD, obesity, borderline personality disorder, and "possible drug-seeking and malingering." Tr. 16, Finding 3.[1]

The ALJ determined that plaintiff has the RFC to perform light work; "can only understand, remember, and carry-out routine tasks; she must have only minimal interaction with the general public; she should have minimal input from co-workers or supervisors; and should

---

[1] Tr. refers to the Transcript of the Administrative Record.

OPINION AND ORDER- 3

work at unpressured tasks, where she has set routines and duties." Tr. 17, Finding 5. Based on plaintiff's RFC, the ALJ concluded that plaintiff could perform her past relevant work as an alarm monitor. Tr. 32, Finding 6. Accordingly, the ALJ determined that plaintiff was not disabled as defined in the Social Security Act.

The Appeals Council declined plaintiff's request for administrative review, making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently initiated this action seeking judicial review.

## **DISCUSSION**

Plaintiff raises three primary objections to the ALJ's decision. First, she contends that the ALJ failed to properly evaluate plaintiff's severe impairments under the Listing of Impairments (20 C.F.R. Part 404, Subpart P, Appendix 1) at step three of the sequential analysis. Second, she argues that the ALJ erred in evaluating the medical evidence. Lastly, she argues that the ALJ improperly developed her RFC and erred at step four by concluding that she could perform her past relevant work as an alarm monitor. Plaintiff asks this court to reverse and remand the Commissioner's final decision for an immediate award of benefits.

  1.  **Evaluation of the "Listing of Impairments"**

Plaintiff contends that the ALJ erred in failing to adequately assess whether she met listing 12.06 for anxiety related disorders and failing to address whether she met listing 12.08 for personality disorders. Prior to the hearing, plaintiff specifically requested that the ALJ consider whether she met listing 12.06.

If a plaintiff is found to have at least some severe impairments at step two of the sequential analysis, the Commissioner proceeds to the third step to determine whether the

OPINION AND ORDER- 4

impairment or impairments are equivalent to one or more impairments that the Commissioner has recognized to be so severe that they are presumed to preclude SGA. *See* 20 C.F.R. § 404.1520(d). These are listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (Listing of Impairments or the Listings). The Listings describe impairments which qualify as severe enough to be construed as *per se* disabling. 20 C.F.R. §§ 404.1525, 416.925; *Tackett*, 180 F.3d at 1099.

The claimant has the burden of producing medical evidence that establishes all of the requisite medical findings for a listed impairment. *Burch v. Barnhart*, 400 F.3d 676, 683 (9th Cir. 2005); *Bowen v. Yuckert*, 482 U.S. 137, 146 (1987). If the claimant's condition meets or equals one in the Listing of Impairments, the claimant is presumed conclusively to be disabled. "Medical equivalence will be found 'if the medical findings are at least equal in severity and duration to the listed findings'" and is "determined on the basis of a comparison between the 'symptoms, signs and laboratory findings' about the claimant's impairment as evidenced by the medical records 'with the medical criteria shown with the listed impairment.'" *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990) (quoting 20 C.F.R. § 404.1526). In evaluating whether a claimant equals a listed impairment, "the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Id*.

Plaintiff alleges that the ALJ failed to adequately assess whether her impairments met or equaled listings 12.06 and 12.08. The requirements of Listing 12.06 for anxiety related disorders are:
    A. Medically documented findings of at least one of the following:
    1. Generalized persistent anxiety accompanied by three out of four of the following signs or symptoms:
    a. Motor tension; or
    b. Autonomic hyperactivity; or
    c. Apprehensive expectation; or
    d. Vigilance and scanning;

OPINION AND ORDER- 5

>Or
>
>2. A persistent irrational fear of a specific object, activity, or situation which results in a compelling desire to avoid the dreaded object, activity, or situation; or
>3. Recurrent severe panic attacks manifested by a sudden unpredictable onset of intense apprehension, fear, terror and sense of impending doom occurring on the average of at least once a week; or
>4. Recurrent obsessions or compulsions which are a source of marked distress; or
>5. Recurrent and intrusive recollections of a traumatic experience, which are a source of marked distress;
>
>And
>
>B. Resulting in at least two of the following:
>1. Marked restriction of activities of daily living; or
>2. Marked difficulties in maintaining social functioning; or
>3. Marked difficulties in maintaining concentration, persistence, or pace; or
>4. Repeated episodes of decompensation, each of extended duration.
>
>Or
>
>C. Resulting in complete inability to function independently outside the area of one's home.

20 C.F.R. pt. 404, subpt. P, app.1 § 12.06. The requirements of Listing 12.08 for personality disorders necessitate the same paragraph "B" findings as those of Listing 12.06. *Id*. at § 12.08.

In addressing whether the plaintiff met or equaled a listing in section 12, the ALJ noted that plaintiff's "mental impairments singly and in combination, do not meet or medically equal the criteria of listings 12.06 and 12.07, or any other listing of section 12.00." Tr. 16. The ALJ made specific note of the fact that he did not believe plaintiff's impairments satisfied the paragraph "B" criteria of the section 12 listings, because plaintiff's mental impairments "do not cause at least two 'marked' limitations or one 'marked' limitation and 'repeated' episodes of decompensation, each of extended duration." *Id*. at 17.

Plaintiff contends that the ALJ failed to explain his conclusions or specifically address the listing criteria. Read out of context, the sole paragraph specifically addressing the section 12

OPINION AND ORDER- 6

listings may not have satisfied the standards set forth in *Marcia*. However, the ALJ thoroughly examined and detailed the medical evidence of record in the pages following his findings with respect to the listing criteria for section 12. Tr. 18-32. The ALJ's discussion of the medical evidence read in conjunction with his section 12 findings makes it clear that he adequately considered whether plaintiff's impairments were of a severity meeting the requirements of listings 12.06 and 12.08. He concluded that they were not, specifically because her symptoms did not cause restrictions or difficulties commensurate with those found in paragraph "B" of sections 12.06 and 12.08. That he did not discuss those findings at length in the paragraph addressing the Listings is of no matter. "*Marcia* simply requires an ALJ to discuss and evaluate the evidence that supports his or her conclusion; it does not specify that the ALJ must do so under the heading 'Findings.'" *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001).

        2.        **Medical Evidence**

Plaintiff contends that the ALJ erred in his evaluation of the medical evidence. In particular, plaintiff asserts that the ALJ did not correctly weigh the medical opinions of several providers.

An ALJ may reject the contradicted opinion of a treating or examining physician by stating specific and legitimate reasons, and may reject an uncontradicted opinion from a treating or examining physician by providing clear and convincing reasons, supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). An ALJ must give weight not only to the treating physician's clinical findings and interpretation of test results, but also to the doctor's subjective judgments. *Lester v. Chater*, 81 F.3d 821, 832-33 (9th Cir. 1995) (citation omitted).

OPINION AND ORDER- 7

The opinion of a non-examining physician alone cannot constitute substantial evidence that justifies the rejection of the opinion of a treating physician. *Id.* at 831 (citations omitted). However, the ALJ may reject a treating physician's opinion in cases in which objective test results, reports from other physicians, testimony from the claimant, or other evidence conflicts with the opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751-52 (9th Cir. 1989); *see also Burkhart v. Bowen*, 856 F.2d 1335, 1339-40 (9th Cir. 1988) (holding that an ALJ may reject a treating physician's opinion that is unsupported by medical findings, personal observations, or objective testing).

A physician's disability opinion may be disregarded if it is premised upon the claimant's subjective symptoms and limitations that were properly discredited. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citations omitted). Additionally, if a treating physician's opinion fails to explain *how* a claimant's symptoms preclude work activity, then it may be rejected. *Id.* at 601 (explaining that the ALJ listed specific examples of how the level of impairment indicated by the treating doctor was unreasonable given other evidence in the record). If the ALJ decides to reject a treating physician's opinion, the ALJ must set out a detailed and thorough summary of the facts and conflicting clinical evidence, explain his or her interpretation thereof, and make findings. *Id.* at 600-01.

In large part, plaintiff's assignments of error with respect to the ALJ's treatment of medical source opinions merely offer a different interpretation of the medical evidence, and do not raise meritorious legal argument. The ALJ properly discussed and analyzed the opinions of Penny Stute, PMHNP; George Suckow; M.D.; and Robert Henry, Ph.D.; and further analysis of their opinions is unnecessary. That plaintiff draws different conclusions from their records and

OPINION AND ORDER- 8

would emphasize different portions of their opinions does not constitute legal error. The ALJ is charged with resolving conflicts in the evidence, and his findings must be upheld if supported by substantial evidence. *Reddick*, 157 F.3d at 720-21. This court concludes that it need only address the assignments of error with respect to the opinions of Bradford Ashley, M.D.; and David Truhn, Psy.D.

Doctor Ashley saw plaintiff on one occasion on a standby basis after she had missed four scheduled appointments with her nurse practitioner, Ms. Stute. Tr. 403. His single progress note contains relatively little information. The one finding of note for purposes of judicial review is his assessment that plaintiff had a Global Assessment of Functioning (GAF) of thirty-five. *Id*. The GAF scale is used to rate the psychological, social, and occupational functioning of a patient. *Morgan*, 169 F.3d at 598 n.1. A GAF of thirty-five may be indicative of major impairment and Dr. Ashley's assessment of plaintiff was largely consistent with the other GAF scores plaintiff received from the nurse practitioner she saw on a regular basis. *See, e.g.*, Tr. 400-02. The ALJ wrote one paragraph summarizing Dr. Ashley's treatment note, but failed to address the GAF score and failed to specifically credit or discredit Dr. Ashley's opinion.

An ALJ's failure to address specific GAF scores does not necessarily constitute legal error. *McFarland v. Astrue*, No. 06-35549, 2008 WL 2875315, at *1 (9th Cir. July 25, 2008) (finding no legal error where the ALJ's assessment of a claimant's RFC accounted for the claimant's severe mental impairments, was not inconsistent with the assessed GAF score, and was otherwise supported by substantial evidence in the record). Moreover, the "Commissioner has determined the GAF scale 'does not have direct correlation to the severity requirements in the Social Security Administration's mental disorders listings.'" *Id*. (quoting 65 Fed. Reg. 50,746 50,765 (Aug. 21, 2000)).

OPINION AND ORDER- 9

Here, the ALJ's failure to address Dr. Ashley's GAF score may constitute legal error. Any error, however, was harmless. The ALJ's ultimate RFC was supported by substantial evidence in the record and took into account plaintiff's mental impairments. More importantly, the ALJ specifically addressed the GAF scores assigned by Dr. Ashley's colleague before and after Dr. Ashley's single treatment note. The ALJ noted Ms. Stute's multiple assessments of GAF scores as low as thirty, and found that such scores (indicating an individual who has the inability to function in almost all areas) were belied by the evidence in the record and that "claimant's daily activities alone indicate a far greater level of functioning." Tr. 31. The ALJ also found plaintiff's subjective complaints, upon which the GAF scores were at least partially compiled, to be not credible. Tr. 17-32. The ALJ took particular note of her drug seeking behavior, noncompliance with treatment, the peculiar timing of her alleged onset date[2], and her diagnosis of malingering on a rule-out basis by Ms. Stute. *Id*.

Plaintiff alleges that the ALJ erred in giving portions of Dr. Truhn's opinion little weight. Doctor Truhn is arguably the only medical source whose opinion, if fully credited, would establish plaintiff's disability. Doctor Truhn assessed plaintiff as being markedly limited in a number of areas including the ability to complete a normal workday and the ability to carry out simple instructions. Tr. 433. If credited as true, plaintiff's impairments would meet the paragraph "B" criteria of listings 12.06 and 12.08.

Because Dr. Truhn's opinion was contradicted, the ALJ was only required to reject his opinion by providing specific and legitimate reasons. *Bayliss*, 427 F.3d at 1216. The ALJ

---

[2] Plaintiff worked as a caregiver for the state of Oregon from August 9, 2005, until February 7, 2006, when her employment terminated because it was a temporary position. Plaintiff's alleged disability onset date is February 7, 2006. Reports indicate that she performed her caregiving job satisfactorily. Tr. 18.

OPINION AND ORDER- 10

provided such reasons including the fact that Dr. Truhn had only seen plaintiff on one occasion, had limited access to plaintiff's treatment history (including the questions raised by Ms. Stute regarding malingering and evidence of plaintiff's drug-seeking behavior), and the fact that Dr. Truhn's own narrative "indicates an unremarkable mental status." Tr. 30. Additionally, the ALJ noted that Dr. Truhn had ignored plaintiff's work history "which indicates that she can in fact function in a work environment for months at a time," and that his conclusions were based in part on the claimant's discredited subjective symptoms. *Id*. at 31. The ALJ did not err in rejecting portions of Dr. Truhn's opinions.

### 3.     Plaintiff's RFC

Plaintiff contends that the ALJ erred in developing plaintiff's RFC. Specifically, plaintiff contends that the RFC did not include limitations for plaintiff's panic attacks. In large part, plaintiff's argument relies on her testimony and on the opinion of Dr. Truhn. As discussed above, the ALJ properly discredited her statements and discounted Dr. Truhn's opinion. As such, the ALJ was not required to incorporate plaintiff's alleged panic associated limitations into the RFC. *Stubbs Danielson v. Astrue*, 539 F.3d 1169, 1175-76 (9th Cir. 2008). Additionally, it appears the ALJ did account for plaintiff's possible panic associated limitations by developing an RFC that accounted for "the effects of anxiety" in-so-far as it limits her to simple, routine, and unpressured tasks, with only minimal public and co-worker interaction. Tr. 32.

/ / / /

/ / / /

/ / / /

/ / / /

OPINION AND ORDER- 11

**CONCLUSION**

This court concludes that the Commissioner's findings were based upon correct legal standards and were supported by substantial evidence existing in the record.  The Commissioner's decision denying Sara D. Evenhus benefits is AFFIRMED.

    IT IS SO ORDERED.

    DATED this 26th day of August, 2011.

                                                                                                                        s/ Ancer L. Haggerty
                                                                                                         Ancer L. Haggerty
                                                                                   United States District Judge